```
           IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF KANSAS
```

**WILLIS SHANE GORDON,**

                       **Plaintiff,**

        **v.**                                  **CASE NO. 07-3159-SAC**

**ROGER WERHOLTZ, et al.,**

                       **Defendants.**

### O R D E R

This matter is before the court on a complaint as later supplemented, filed under 42 U.S.C. § 1983 by a prisoner incarcerated in Hutchinson Correctional Facility in Hutchinson, Kansas. Plaintiff proceeds pro se and seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915 without prepayment of the district court filing fee.

Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff must pay the full $350.00 filing fee in this civil action. If granted leave to proceed in forma pauperis, plaintiff is entitled to pay this filing fee over time, as provided by payment of an initial partial filing fee to be assessed by the court under 28 U.S.C. § 1915(b)(1) and by the periodic payments from plaintiff's inmate trust fund account as detailed in 28 U.S.C. § 1915(b)(2). Because any funds advanced to the court by plaintiff or on his behalf must first be applied to plaintiff's outstanding fee obligation,[1] the court grants plaintiff

---

[1] See Gordon v. Causey, Case No. 06-3358-SAC ($350.00 district court filing fee).

leave to proceed in forma pauperis in the instant matter without payment of an initial partial filing fee. Once this prior fee obligation has been satisfied, however, payment of the full district court filing fee in this matter is to proceed under 28 U.S.C. § 1915(b)(2).

Plaintiff's motion to amend the complaint (Doc. 5) is granted. Under Rule 15(a) of the Federal Rules of Civil Procedure, plaintiff may amend his complaint "once as a matter of course" prior to defendants filing their response to the complaint.

Plaintiff's motion for appointment of counsel (Doc. 3) is denied. Plaintiff has no right to the assistance of counsel in this civil action. Durre v. Dempsey, 869 F.2d 543, 647 (10th Cir. 1989). Having reviewed petitioner's claims, his ability to present said claims, and the complexity of the legal issues involved, the court finds the appointment of counsel in this matter is not warranted. *See* Long v. Shillinger, 927 F.2d 525, 526-27 (10th Cir. 1991)(factors to be considered in deciding motion for appointment of counsel).

In this action, plaintiff broadly alleges violations of his rights under the First Amendment and the Religious Restoration Freedom Act (RFRA), 42 U.S.C. § 2000bb, and of his right of access to the courts. Plaintiff additionally alleges constitutional error and false imprisonment in a disciplinary proceeding that resulted in the loss of 26 days of earned good time,[2] and alleges fraud by

---

[2]To the extent plaintiff seeks injunctive relief in the federal courts on such claims, he must pursue such relief in a petition for writ of habeas corpus after first exhausting state court remedies. *See generally* Wilson v. Jones, 430 F.3d 1113, 1117 (10th Cir. 2005)(absent a demonstration of futility, a habeas petitioner

2

defendants in securing federal funding for prison programming.

Because plaintiff is a prisoner, the court is required to screen the amended and supplemented complaint and dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b).

To allege a valid claim under 42 U.S.C. § 1983, the plaintiff must assert the denial of a right, privilege or immunity secured by federal law. Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970); Hill v. Ibarra, 954 F.2d 1516, 1520 (10th Cir. 1992). Plaintiff's amended and supplemented complaint fails to do so.

A prisoner is entitled to a reasonable opportunity to practice his religion under the Free Exercise Clause of the First Amendment, Cruz v. Beto, 405 U.S. 319, 322 (1972), but that right is necessarily limited by the prisoner's incarceration, O'Lone v. Estate of Shabazz, 482 U.S. 342, 353 (1987). To state a free exercise claim, a plaintiff must first show that the official action burdened a religious belief rather than a philosophy or way of life. Wisconsin v. Yoder, 406 U.S. 205, 215-19 (1972). Second, the burdened belief must be sincerely held by the plaintiff, and plaintiff must demonstrate that official action has interfered with the exercise or expression of the prisoner's own deeply held faith.

---

seeking relief under 28 U.S.C. § 2241 is required to first exhaust available state remedies).
   To the extent plaintiff seeks damages for the alleged constitutional violations, any such claim is premature until he can demonstrate the challenged disciplinary action has been reversed or otherwise invalidated. *See* Heck v. Humphrey, 512 U.S. 477 486-87 (1994); Edwards v. Balisok, 520 U.S. 641 (1997). Likewise, plaintiff's related claim of false imprisonment is premature.

3

Thomas v. Review Bd., 450 U.S. 707, 714-16 (1981).

Here, plaintiff's allegations concerning his rights under the First Amendment are obscure and conclusory, and wholly insufficient to reflect a sincerely held religious belief that is being impaired by any named defendant.[3] Plaintiff also cites his fundamental right to parent his children, and generally refers to the family as integral to his life. However, the difficulties he identifies concern state action in removing plaintiff's children from the home, and his frustration in not being able to restore the family unit. No interference by defendants in plaintiff's ability to practice a sincerely held religious belief is evident on the face of these allegations.

Plaintiff's allegations also state no claim for relief under the RFRA, which states that the "[g]overnment shall not substantially burden a person's exercise of religion" unless it demonstrates that application of such a burden to the person "is in furtherance of a compelling governmental interest" and "is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000bb-1(a) and (b). The Supreme Court has held that the statute exceeded Congress's power under Fourteenth Amendment, and thus cannot be constitutionally applied to state and local governments. See City of Boerne v. Flores, 521 U.S. 507, 532-36 (1997).

Nor are plaintiff's allegations of being denied adequate legal

---

[3]In administrative grievance documentation provided in the record, plaintiff cites not being allowed any books while he was in administrative segregation during a hunger strike, and not being allowed to receive books that were not purchased from a vendor.

4

materials and resources sufficient to establish that plaintiff is being denied his right of access to the courts. The constitutionally relevant benchmark is meaningful, not total or unlimited, access, <u>Bounds v. Smith</u>, 430 U.S. 817, 823 (1977), and the Fourteenth Amendment right of due process via access to the courts "has not been extended ... to apply further than protecting the ability of an inmate to prepare a petition or complaint," <u>Wolff v. McDonnell</u>, 418 U.S. 539, 576 (1974). And significantly, a prisoner must demonstrate the alleged shortcomings impaired his ability to pursue a nonfrivolous legal claim. <u>Lewis v. Casey</u>, 518 U.S. 343, 351 (1996). *See also* <u>Treff v. Galetka</u>, 74 F.3d 191, 194 (10th Cir. 1996)(to state claim of denied access to the court, inmate "must show that any denial or delay of access to the court prejudiced him in pursuing litigation").

Prison regulations clearly present difficulties to plaintiff proceeding as he desires in his various state and federal cases, nonetheless plaintiff continues to submit pleadings and correspondence to this court. On the face of the instant record, no actual prejudice resulting from any defendant's actions is apparent in plaintiff's state or federal cases. To the extent plaintiff complains he is denied copies of pleadings needed for service on numerous defendants, the court notes that it has not yet ordered service of summons on any defendant in any of plaintiff's cases pending before this court. Plaintiff's service of pleadings to opposing parties can be addressed by the court if and when summons are issued.

Plaintiff also specifically complains he was unconstitutionally denied the assistance of counsel in the challenged disciplinary

5

proceeding, but this allegations states no claim for relief. The minimal procedural guarantees afforded a prisoner in a disciplinary proceeding involving the loss of earned good time do not include a right to counsel under the Sixth Amendment. *See* Wolff v. McDonnell, 418 U.S. 539 (1974)(identifying minimal procedural protections in prison discipline). Prisoners do not "have a right to either retained or appointed counsel in disciplinary hearings." Id., 418 U.S. at 570.

Finally, plaintiff's broad complaints of fraud and abuse of federal funds by defendants are conclusory at best, and fail to state a cognizable constitutional deprivation for the purpose of plaintiff seeking relief under 42 U.S.C. § 1983. Plaintiff's request for a court order to bar the Kansas Department of Corrections' use of forced enrollment in programming is denied.

Accordingly, for the reasons stated herein, the court directs plaintiff to show cause why the amended and supplemented complaint should not be dismissed as stating no claim for relief.[4]  *See* 28 U.S.C. § 1915(e)(2)(B)(ii)("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action...fails to state a claim on which relief may be granted").

---

[4] Plaintiff is advised that dismissal of the complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) will count as a "strike" under 28 U.S.C. 1915(g), a "3-strike" provision which prevents a prisoner from proceeding in forma pauperis in bringing a civil action or appeal if "on 3 or more prior occasions, while incarcerated or detained in any facility, [the prisoner] brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

The failure to file a timely response may result in this action being dismissed without further prior notice to plaintiff.

The court grants plaintiff's request for a copy of the attachments submitted with the complaint filed in this matter, and a copy of plaintiff's supplement to the complaint.

Plaintiff is advised that any future requests for court action will be considered only if presented in a proper pleading format which includes a case caption and an appropriate title to the pleading. General correspondence to the clerk's office will not be docketed for court review. Although pleadings filed by pro se litigants are to be liberally construed, pro se parties are still expected to follow the rules of procedure governing other litigants. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992), *cert. denied*, 507 U.S. 940 (1993).

IT IS THEREFORE ORDERED that plaintiff is granted leave to proceed in forma pauperis, and that payment of the $350.00 district court filing fee is to proceed as authorized by 28 U.S.C. § 1915(b)(2) after plaintiff's prior fee obligation has been fully satisfied.

IT IS FURTHER ORDERED that plaintiff's motion to amend the complaint (Doc. 5) is granted.

IT IS FURTHER ORDERED that plaintiff's motion for appointment of counsel (Doc. 3) is denied.

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to show cause why the amended and supplemented complaint should not be dismissed as stating no claim for relief.

The clerk's office is directed to provide plaintiff with a copy of the attachments submitted with plaintiff's complaint (Doc. 1),

and a copy of plaintiff's supplement (Doc. 7).

**IT IS SO ORDERED.**

DATED:  This 1st day of November 2007 at Topeka, Kansas.


<u>  s/ Sam A. Crow              </u>
SAM A. CROW
U.S. Senior District Judge